**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4986**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ROBERT TRULL,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Martin K. Reidinger, District Judge.   (3:09-cr-00084-MR-2)

Submitted:  September 27, 2011      Decided:  October 17, 2011

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Lawrence  W.  Hewitt,  GUTHRIE,  DAVIS,  HENDERSON  &  STATON, P.L.L.C.,  Charlotte,  North  Carolina,  for  Appellant.    Amy Elizabeth  Ray,  Assistant  United  States  Attorney,  Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Trull pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C.A. §§ 846, 841(b)(1)(B) (West 1999 & Supp. 2011). The district court sentenced him to seventy months' imprisonment, the bottom of the Guidelines range. Trull appealed, and his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether the district court erred in declining to sentence Trull pursuant to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, and the amended Guidelines. Trull has not filed a pro se supplemental brief. Counsel for Trull subsequently filed a motion to remand for resentencing pursuant to the FSA. In response, the Government moved to dismiss Trull's appeal based upon a waiver of appellate rights in the plea agreement. We affirm in part and dismiss in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A waiver will preclude an appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The question of whether a defendant

validly waived his right to appeal is a question of law that this court reviews de novo. Manigan, 592 F.3d at 626.

"An appellate waiver is valid if the defendant knowingly and intelligently agreed to [waive the right to appeal]." Id. at 627. To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances." Id. (internal quotation marks omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. Id.; United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Trull does not contest the validity of the waiver or the voluntariness of his guilty plea. Our review of the record leads us to conclude that the waiver is valid and enforceable. The magistrate judge ensured that Trull had read the plea agreement, that counsel explained it to him, and that he understood the consequences of the waiver. Because the waiver is valid, it precludes review of the sentencing issue Trull seeks to raise on appeal and any potential issues related to the conviction that are covered by the waiver. Accordingly, we grant in part the Government's motion to dismiss the appeal and dismiss this portion of the appeal, and we deny Trull's motion to remand for resentencing.

3

Trull's appellate waiver, however, does not preclude an appeal of his conviction or sentence based upon ineffective assistance of counsel or prosecutorial misconduct. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal that are not encompassed by the appeal waiver. We therefore deny in part the Government's motion to dismiss and affirm this portion of the appeal.

This court requires that counsel inform Trull, in writing, of the right to petition the Supreme Court of the United States for further review. If Trull requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Trull. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4